1  LAW OFFICE OF MARGARET A. SEDY
   Margaret Sedy (CA Bar No. 299454)
2  10880 Wilshire Boulevard, Suite 1101
   Los Angeles, CA 90024
3  Telephone: 310.893.5509
   Facsimile:  310.299.9325
4  Email: m@sedylaw.com

5

   Attorneys for Defendant
6  EMPIRE WORLDWIDE LOGISTICS, LLC,
   a California limited liability company
7

8

9              UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                   WESTERN DIVISION

12

13

| EMPIRE WORLDWIDE LOGISTICS, LLC, a California limited liability company, | Case No. 2:22-CV-2639 |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | |
| GUARDSTRUMENTS, LLC, a California limited liability company; AND CHUONG MICHAEL HUYNH, an individual, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

**COMPLAINT**

Plaintiff EMPIRE WORLDWIDE LOGISTICS, LLC ("EMPIRE" or "Plaintiff") alleges as follows:

### PRELIMINARY STATEMENT

1. This is a civil action in which the Plaintiff, EMPIRE WORLDWIDE LOGISTICS, LLC, seeks relief for breach of contract by the Defendants. Plaintiff seeks compensatory damages, affirmative and equitable relief, an award of costs and interest, reasonable attorney's fees and such other and further relief as the Court deems equitable and just.

### JURISDICTION

2. The matters herein alleged constitute an admiralty and maritime claim within the jurisdiction of this United States District Court and are within the meaning of 28 U.S.C.A. § 1331(1) and Fed. R. Civ. P. 9 (h).

### VENUE

3. Venue herein is proper for the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 (a), (b), (c) and (d).

4. The Defendants reside in the Central District of California.

5. A substantial part of the events or omissions giving rise to this claim occurred, or a substantial part of property that is the subject of the action is situated within the Central District of California.

### PARTIES

6. At all times herein mentioned, the Plaintiff, EMPIRE WORLDWIDE LOGISTICS, LLC, was and is a limited liability company with a place of business located at 360 N. Pacific Highway, Suite 1054, City of El Segundo, Los Angeles County, in the State of California.

7. At all times herein mentioned, the Defendant, GUARDSTRUMENTS, LLC, was and is a limited liability company with a place of business located at 15731 Graham Street, City of Huntington Beach, Orange County, in the State of California.

1  8.  At all times herein mentioned, the Defendant, CHUONG MICHAEL HUYNH, was, and still is, a resident of the State of California.

9.  At all times hereinafter mentioned, the Plaintiff EMPIRE, was a Non-Vessel-Operating Common Carrier (NVOCC) who performs all services of an ocean carrier with the exception of operating vessels.  As a NVOCC, the Plaintiff issues its own bill of lading (typically referred to as a House Bill of Lading ("HBL") that contains virtually the same data fields as the corresponding Master Bill of Lading issued by the vessel operator, each serving as a contract of carriage, but for different parties.  The Master Bill of Lading is a contract issued by the ocean carrier that is between the NVOCC and their agent (at origin of destination), while the HBL is the contract of carriage issued by the NVOCC between the actual shipper and actual consignee.  Licensed by the Federal Maritime Commission, NVOCC's buys services from ocean carriers, and through issuance of their HBL with appropriate rate filings, can mark-up freight costs as they resell these services to their clients.

10.  At all times hereinafter mentioned, Plaintiff was a NVOCC which contracted with ocean carriers and common carriers of goods for hire between both Asian and USA Seaports, and properly filed a schedule of its tariffs, for the transportation of goods and the type of goods between the ports or areas as hereinafter alleged.

11.  At all times hereinafter mentioned, the Defendants contracted with Plaintiff to buy services from an ocean carrier known as Hyundai Merchant Marine Co., Ltd. to deliver goods which consisted of Powder Free Nitrile Gloves from a shipper known as Pt. Showa Logistik Indonesia.

12.  At all times hereinafter mentioned, Plaintiff contracted with Hyundai Merchant Marine Co., Ltd. to carry the goods from the Port of Belawan, Indonesia and delivered to the Port at Long Beach, California by July 4, 2021.

13.  On or before July 4, 2021, Hyundai Merchant Marine Co., Ltd. delivered the goods to the Port at Long Beach, California.

14.     The Defendants have refused to pay Plaintiff the costs of the freight and charges pursuant to the contract.

15.     Plaintiff's HBL provides, *inter alia*, that Defendants shall jointly and severally indemnify Plaintiff for all claims, fines, penalties, damages, costs and other amounts, which may be incurred or imposed upon Plaintiff by reason of a breach by the Defendants of any of the provisions of this HBL or of any statutory or regulatory requirements.  Thus, the Defendants shall be jointly and severally liable to the Plaintiff for the payment of all freight, demurrage, General Average and other charges, including but not limited to court costs, expenses and reasonable attorney's fees incurred in collecting sums due to Plaintiff.

16.     Under the Shipping Act of 1984, 46 U.S.C.A. § § 40101 et seq., Plaintiff is under legal compulsion to collect the entire freight and other charges set forth in its tariff.  Failure on the part of the Plaintiff to collect the entire amount may subject it to severe penalties.

17.     The Defendants are in violation of the Shipping Act by their failure to pay the full freight charges as set forth in the Plaintiff's tariff.

18.     On information and belief, Plaintiff alleges that Defendant GUARDSTRUMENTS, LLC is a business entity organized and existing by virtue of the laws of the State of California and GUARDSTRUMENTS, LLC and CHUONG MICHAEL HUYNH are authorized to do business in the State of California, with a common place of business located at 15731 Graham Street, Huntington Beach, California 92649.

19.     On information and belief, the Defendants were the agents and employees of each other, and in the commission of the acts herein mentioned, were acting in the scope of this authority as such agents and employees and with the permission and consent of each and one another.

20.     Plaintiff believes and so alleges that there exists, and always herein mentioned has existed, a unity of interest and ownership between the among all the

Defendants such that any individuality and separateness between and among all or any of the Defendants herein have ended, or never existed at any material time, and each Defendant is the alter ego of each other Defendant herein. Adherence to the fiction of separate existence between and among the Defendant business entities would allow and constitute an abuse of the corporate privilege and would promote injustice.

## FIRST CAUSE OF ACTION
### (Breach of Written Contract)

21. Plaintiff incorporates the allegations set forth in the above paragraphs by reference and said matters are realleged as if fully set forth hereinafter.

22. During the year of 2021, the Defendants were the owners, exporters, shippers and/or consignees of a shipment of goods for which proper HBL and freight bills were issued by or on behalf of Plaintiff.

23. These shipments were transported between United States and foreign ports on board vessels contracted by Plaintiff to buy services from an ocean carrier owned for which freight charges in the total amount of $28,288.75 [dollar amount of freight charges] lawfully were incurred pursuant to the aforesaid tariff and contracts of carriage.

24. As a direct result of the aforesaid carriages, the Defendants agreed and otherwise became bound to pay the ocean freight and related charges in the total amount of $46,012.55 which is calculated as follows:

    a. $28,288.75: Statement total (including the current abandoned container charges, and previous unpaid invoices for prior shipments handled);

    b. $12,910.00: Lien total against the container from the ocean carrier; and

    c. $4,813.80: General Order warehouse charges to retrieve container valid through December 26, 2021, together with interest thereon at the legal rate.

25. Plaintiff has demanded payment of the outstanding ocean freight charges from the Defendants, but the freight charges have not been paid. As such, Defendants are in breach of its contracts with Plaintiff and imposed by law.

26. Plaintiff has performed each and all its obligations, actual and implied, arising pursuant to its contracts with the Defendants and imposed by law, except as excused, waived or made impossible by Defendants.

27. Defendants have failed to cure their breach and continue to fail and refuse to cure their breach for non-payment, and are therefore in material breach of its contracts with Plaintiff and imposed by law.

28. Pursuant to Paragraphs 1 (L) and 24 (H) of its HBL, the Plaintiff is entitled to attorney's fees and costs incurred in collecting sums due Plaintiff, or if any action is necessary, to enforce the terms of the contract. Plaintiff herein has engaged the services of a law firm to enforce the terms of the contract. Plaintiff herein has engaged the services of a law firm to enforce the terms of the contract and is entitled to recover reasonable fees in an amount according to proof at trial.

## SECOND CAUSE OF ACTION
### (Open Book Account)

29. Plaintiff incorporates the allegations set forth in the above paragraphs by reference and said matters are realleged as if fully set forth herein.

30. During the year of 2021, on a written open book account for money due, Defendants became indebted to Plaintiff in the amount of $46,012.55.

31. During the year of 2021, Plaintiff and Defendants had financial transactions with each other.

32. During the year of 2021, Plaintiff, in the regular course of business, kept a written and/or electronic account of the debits and credits involved in the transactions.

33. Defendants owe Plaintiff money on the account.

34. The amount of money that Defendants owe Plaintiff is $46,012.55.

35. Neither the whole nor any part of the above sum has been paid and there is now due, owing, and unpaid from Defendants to Plaintiff the sum of $46,012.55, together with the interest thereon at the legal rate.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS, and each of them, for all causes of action, as follows:

1. For judgment to be entered in favor of Plaintiff for the total amount of its claim in the amount of $46,012.55, together with prejudgment interest at the legal rate.

2. For Defendants to be ordered to pay to Plaintiff the costs of suit herein;

3. For Defendants to be ordered to pay reasonable attorney's fees; and

4. For such other and further relief as the court may deem just and proper.

DATED: April 20, 2022

Respectfully Submitted,
LAW OFFICE OF MARGARET A. SEDY

By: /s/ Margaret A. Sedy
Margaret A. Sedy, Esq.
*Attorneys for Plaintiff*
10880 Wilshire Boulevard, Suite 1101
Los Angeles, California 90024
(310) 893-5509

6
COMPLAINT